# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

        Plaintiff,

      v.

MICHAEL L. DALTON, HAROLD
HAND, KATHLEEN M. VERNER,
PATRICIA A. HATTON, MAXWELL M.
FREEMAN, YOSHIKAZU MATAGA,
GEORGE M. SCHOFIELD, RICK SIMAS,
GARY A. STEWART, RUSSELL
MUNSON, STEVEN KIKUCHI, STEVE
ROSSO, JUSTIN GARNER, LAURA
MAFFEI, LINDA OGATO and the
FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
PACIFIC STATE BANK,

        Defendants.

CASE NO. 2:12-cv-00713-MCE-CKD

Assigned to the
Hon. Morrison C. England, Jr.

**CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE
ORDER**

Plaintiff Progressive Casualty Insurance Company, along with its managing general agent, ABA Insurance Services, Inc. (collectively "Progressive"), and Defendants Michael L. Dalton, Harold Hand, Kathleen M. Verner, Patricia A. Hatton, Maxwell M. Freeman, Yoshikazu Mataga, George M. Schofield, Rick Simas, Gary A. Stewart, Russell Munson, Steven Kikuchi, Steve Rosso, Justin Garner, Laura Maffei, and Linda Ogato (collectively, the "Insureds") and the Federal Deposit Insurance Corporation as Receiver for Pacific State Bank (hereinafter "FDIC-R"), by and through their undersigned counsel, do hereby stipulate and agree to the following provisions governing the handling and treatment of "Confidential Material" with respect to the captioned action.

## RECITALS

A.    On March 21, 2012, Progressive filed this action seeking a declaratory judgment.  The Insureds and the FDIC-R have answered and asserted affirmative defenses. Insured Steve Rosso also asserted a counterclaim.

B.    The parties wish to designate certain documents and information exchanged in connection with litigation confidential.   Therefore, the parties have agreed to the following order.

## AGREEMENT AND ORDER

Now, therefore, the Parties agree and the Court orders as follows:

1.    ***Purpose and Scope.***   This Confidentiality Agreement and Stipulated Protective Order (the "Agreement") is entered into for the purpose of allowing the Parties to exchange Confidential Material, as defined in Paragraph 2 below, in order that they may prosecute and defend the captioned action, while simultaneously maintaining the confidential nature of Confidential Material they exchange.  This Agreement shall govern Confidential Material that the Parties may produce in discovery and pursuant to their disclosure obligations in the captioned action.

2.    ***Definition of Confidential Material.***   For purposes of this Agreement, "Confidential Material" shall mean certain documents, records, and information that is/are not publicly available exchanged among or produced by the Parties pursuant to this Agreement, including, without limitation, any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information) recognized by law as, or required to be maintained as, confidential.   Confidential Material specifically includes, without limitation, the following:

a.    **Regulatory:**   Confidential Material related in any way to the regulation or supervision of Pacific State Bank (the "Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from, or with the Federal Deposit Insurance Corporation ("FDIC"), the OTS, the Board of Governors of the Federal Reserve System, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank. The Parties understand and agree that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to anyone other than the Parties and other persons or entities identified in subparagraphs 5.a.–5.h. below without approval by the respective regulatory authority or a court order.   Confidential Material includes documents that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the federal regulations governing the disclosure of information, including but not limited to 12 C.F.R. Parts 261, 309, and 310, the laws of the State of California, or any other applicable federal or state laws.

b.     **Bank and Bank Customers:**  Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including: Automatic Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.  Examples of Confidential Material include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship, and loan application materials.

c.     **Receivership:**  Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available.  Notwithstanding the provisions of Paragraph 5 of this Agreement, no Confidential Material shall be disclosed to any person or entity (other than a Party hereto) known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Agreement.  However, nothing in this paragraph shall preclude the disclosure of Confidential Material to those persons identified in Paragraphs 5.f. and 6.e. below.

d.     **Trade Secret/Proprietary Information:**  Documents and information that any of the Parties reasonably believes constitute(s), reflect(s), or disclose(s) trade secrets, proprietary data, or commercially sensitive information.  Confidential Material includes, without limitation, documents and information obtained by Progressive from the Bank, the Insureds, or any person or entity acting on their

behalf, or provided by Progressive to such persons or entities, that is subject to an agreement governing the confidentiality of such documents and information.

3.     ***Confidential Designation and Treatment of Confidential Material.*** Confidential Material shall be designated as such in the following matter:

a.     **Documents:**  Confidential Material contained in or consisting of paper or electronic documents, in whatever form, shall be designated by the producing Party as Confidential Material by stamping each page of such documents with the legend "Confidential."  Alternatively, in the case of a voluminous production of a specific type of document, the producing Party may designate such documents as Confidential Material by providing along with the documents, a written designation by Bates number of the documents so designated.  As set forth in Paragraph 3.b. below, the failure to designate any documents with such legend shall not constitute a waiver by the producing Party of the right to assert that such documents contain or consist of Confidential Material.  As set forth in Paragraph 3.c. below, the failure of the producing Party to designate documents as Confidential Material shall not preclude any other Party from designating such documents as Confidential Material.

b.     **Failure to Designate:**  In the event that any Party inadvertently produces confidential documents or information without designating the documents or information as Confidential Material, and if the producing Party subsequently notifies the other Parties and their counsel in writing within a reasonable time following production that the documents or information should have been designated Confidential Material, the Parties agree to treat any such subsequently identified documents or information as duly designated Confidential Material and subject to this Agreement.  In the case of notice provided more than thirty (30) days following production, in the event of a dispute among the Parties as to the reasonableness of the notice, the burden shall be on the producing Party to

demonstrate that such notice was reasonable.  Any disclosure of such documents or information by any Party prior to receiving written notice that they should have been designated Confidential Material shall not constitute a violation of this Agreement.

c.   **Additional Designations:**  Upon receipt of documents or information from a producing Party, any Party may designate them as Confidential Material regardless whether the producing Party designated them as such.  The designating Party shall notify all other Parties of such designation in writing within a reasonable time following the designating Party's receipt of such documents or information.  The Parties agree to treat any such designated documents or information as Confidential Material and subject to this Agreement.  However, if the producing Party did not designate such documents or information as Confidential Material, any disclosure of such documents or information by any Party prior to receiving written notice from the designating Party that they should be treated as Confidential Material shall not constitute a violation of this Agreement.

d.   **Deposition Testimony:**   The Parties may designate Confidential Material sought and disclosed during any deposition in the captioned action in either of the following ways.  First, at the time of the deposition, or in any notice thereof, counsel for any Party may designate any information provided by a witness as Confidential Material.  All such designations shall be noted on the record and reflected in the transcript of the deposition.  Second, within fourteen (14) days of receiving a transcript of any deposition, any Party may designate any portion of the transcript as Confidential Material.  Receipt of a rough draft of a transcript does not commence the time period in this Paragraph.  All such designations shall be made in writing to all Parties and shall designate the specific page and line number(s) the Party is designating as Confidential Material.  Through the fourteen-day period, the transcript shall be treated as Confidential Material.

e.      **No Agreement Regarding Confidentiality:**  By entering into this Agreement, the Parties do not concede that any documents or information produced or provided pursuant to this Agreement is Confidential Material.  The Parties specifically reserve the right to disagree with and contest any designation of documents or information as Confidential Material.  In the event there is a dispute over whether a particular document, a particular set of documents, or specific information is Confidential Material, the Parties shall attempt in good faith to resolve such dispute.  In the event that the Parties are unable to do so, the objecting Party may raise the issue with the Court presiding over the captioned action.  If a dispute arises among the Parties as to whether a particular document, a particular set of documents, or specific information has been properly designated as Confidential Material, the burden of establishing the confidentiality of the disputed material pursuant to the definition of Confidential Material in Paragraph 2 of this Agreement remains with the Party that designated the material as confidential in the first instance.  All Parties shall maintain any disputed documents or information as Confidential Material unless and until a ruling is issued by the Court establishing that the subject documents or information are not Confidential Material.

4.      *Non-disclosure of Confidential Material and Exception for "Similar Suits."*

a.      **Non-disclosure.**  Except as otherwise provided in this Agreement, all Confidential Material provided pursuant to this Agreement is provided solely and exclusively for purposes of the prosecution and defense of the captioned action.  All such Confidential Material shall be treated as strictly confidential and shall not be disclosed, discussed with, or in any way divulged to any person, or used for any other purpose, except as permitted under this Agreement.  A Party may disclose its own Confidential Material to any person or entity it deems appropriate in its sole

discretion with or without conditions to the disclosure and without waiving any claim of protection under this Agreement.

b. **Exception for "Similar Suits."**   Notwithstanding the provisions of Paragraph 4.a., and subject to the following, the FDIC, acting as receiver of a failed institution and Progressive may use Confidential Material obtained in this matter in other litigation involving a failed financial institution between the FDIC (acting as receiver of the failed institution) and Progressive ("Similar Suits").  Progressive and the FDIC, acting as receiver of the failed institution, may use such Confidential Material in a Similar Suit only if a confidentiality agreement and protective order has been entered by the court in that Similar Suit.  Moreover, all such Confidential Material used by Progressive or the FDIC, acting as receiver of the failed institution, in a Similar Suit shall be governed by the terms of the confidentiality agreement and protective order in the Similar Suit and shall also continue to be governed by the terms of this Agreement.

5. ***Exceptions to Non-disclosure: Insureds and Progressive***.   Except as provided in Paragraph 2 and subject to Paragraph 7 below, the Insureds and Progressive may disclose Confidential Material received pursuant to this Agreement to the following persons or entities:

a. Insureds and their counsel who signed this Agreement (including, but not limited to, its attorneys, investigators, paralegals, and other employees);

b. Progressive's outside counsel who signed this Agreement and Progressive personnel (including, but not limited to, its Board of Directors, in-house attorneys, investigators, employees, experts, consultants, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the captioned action, the FDIC-R's October 14, 2010 letter to the Insureds, or Similar Suits (collectively "Matters");

c.      outside counsel (together with any employees of counsel), who have not otherwise signed this agreement, engaged by the Insureds or Progressive to assist or participate in the Matters;

d.      vendors, experts, consultants, mediators, and arbitrators engaged by the Insureds, Progressive, or their respective counsel to assist or participate in the Matters;

e.      former Board Members, officers, and employees of the Bank, as well as any witnesses and potential witnesses in the captioned action whom a Party or his, her, or its counsel has a good faith belief possess information that is relevant to the Matters;

f.      the Court presiding over the captioned action, including, without limitation, the District Judge, Magistrate Judge, court personnel, and jurors;

g.      reinsurers, auditors, or other entities to which Progressive may be required to respond or report in the ordinary course of business regarding the subject matter of the Matters, but only so long as such persons or entities are already subject to a substantially similar confidentiality obligation; and

h.      regulators to which Progressive may be required to respond or report in the ordinary course of business regarding the subject matter of the Matters.

6.      ***Exceptions to Non-disclosure: FDIC-R.***   Subject to Paragraph 7 below, the FDIC-R may disclose Confidential Material received pursuant to this Agreement to the following persons or entities:

a.      FDIC personnel (including, but not limited to, its Chairman, Board of Directors, attorneys, investigators, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Matters;

b.      outside counsel (together with any employees of counsel) engaged by the FDIC-R to assist or participate in the Matters;

c.      former Board Members, officers, and employees of the Bank, as well as any witnesses and potential witnesses in the captioned action whom a Party or his, her, or its counsel has a good faith belief possess information that is relevant to the Matters;

d.      vendors, experts, consultants, mediators, and arbitrators engaged by the FDIC-R or its counsel to assist or participate in the Matters;

e.      the Court presiding over the captioned action, including, without limitation, the District Judge, Magistrate Judge, court personnel, and jurors;

f.      auditors or examiners required or authorized by law to review materials that may include Confidential Material;

g.      subject to the provisions of Paragraph 8 below, persons to whom the information is required to be made available under FOIA or the FDIC's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information; and

h.      individuals and entities permitted access to exempt information under 12 C.F.R. § 309.6.

7.      ***Confidentiality Agreement Certificate.***      Confidential Material may be disclosed to persons or entities identified in subparagraphs 5.c.–5.e., and 6.c.–6.d. only after such persons or entities, personally or through an authorized representative, agree to be bound by this Agreement and sign a written Agreement to Maintain Confidentiality in the form attached hereto as Attachment A.  Each Party shall keep its Agreements to Maintain Confidentiality containing original or electronic signatures until such time as each person or entity receiving Confidential Material pursuant to an Agreement to Maintain Confidentiality has returned or destroyed all such Confidential Material.

8.     ***Demands by Others for Confidential Material.***   If any person or entity demands by subpoena, judicial process, or by operation of law production by a Party of any Confidential Material produced to it by another Party or designated as Confidential Material by another Party, the Party receiving such demand shall promptly notify the producing Party and/or the designating Party of such demand.  At its option, the producing Party or designating Party may elect to challenge the demand and assert any applicable protections.  The burden and expense of such challenge shall be borne solely by the Party or Parties making it.   The producing Party and/or designating Party shall notify the recipient Party and issuing court or tribunal of its challenge within such time as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party or Parties making the challenge.  The Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party and designating Party or an order by the issuing court or tribunal compelling production.  Nothing in this provision or Agreement shall be interpreted as requiring any Party to violate any applicable law.

If the FDIC receives a FOIA request to which Confidential Material is responsive and the FDIC determines that the responsive materials: (1) are agency records under FOIA, and (2) that FOIA may require disclosure of all or part of the responsive records, the FDIC shall notify the Party producing the Confidential Material and any Party designating such material as Confidential Material, in writing, of the FDIC's determination.  Within five (5) business days of receipt of the FDIC's written notification, the producing Party or designating Party may request, in writing, that all or part of the records not be disclosed.  The written request shall state the reasons why the producing Party or designating Party believes that the records should not be disclosed.  If the FDIC rejects the request of the producing Party or designating Party, the FDIC shall notify the producing Party and designating Party in writing that it intends to disclose the records.  The producing Party and designating Party shall have five (5) business days from receipt

of the FDIC's written notice to petition this Court to enter an order prohibiting the disclosure of the records, and the FDIC shall not disclose the records pending disposition of such a petition.  Nothing in this Paragraph shall affect the FDIC-R's or Progressive's right to use Confidential Material in Similar Suits as described in Paragraph 4.b.

9.     ***No Additional Right to Confidential Material.***  Nothing in this Agreement confers upon the Insureds, Progressive, the FDIC-R, or any other person or entity any right to receive documents or information to which they are not entitled pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, or any other statute, law, rule, or regulation.

10.     ***Return or Destruction of Documents.***  Upon final resolution of the captioned action, through settlement or entry of a final, non-appealable judgment, the persons and entities identified in subparagraphs 5.a.–5.e. and 6.a.–6.d. may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors, and regulators, or as necessary to exercise or enforce subrogation rights, if any, or as necessary to meet other business requirements or as necessary in Matters.  When such retention is no longer needed, such persons and entities shall return the retained Confidential Material or destroy such Confidential Material in accordance with their standard destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order.  Any person or entity retaining Confidential Material shall maintain its confidentiality in accordance with this Agreement until such Confidential Material is returned or destroyed.  This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Agreement.  The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by this Agreement.

To the extent any Party retains any Confidential Material pursuant to a separate written agreement, the terms of this Agreement will continue to govern.

11.   **Remedies.**   To enforce rights under this Agreement, or in the event of an alleged violation of this Agreement, the Parties shall first seek to resolve the alleged violation through prompt and reasonable discussion.  In the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to seek relief from the Court presiding over the captioned action in the form of, inter alia, money damages, injunctive relief, or any other relief as appropriate.

12.   **No Waiver of Privileges.**  By entering into this Agreement, the Parties do not waive any privilege or protection, including any attorney-client privilege, work-product doctrine protection, or any other applicable privileges or protections they might have with respect to any documents or information.  With respect to the FDIC-R, these privileges include, but are not limited to, any privileges that the Bank may have had or any federal or state agency may hold.  The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of documents or information produced in connection with the captioned action or the protection of Confidential Material under the attorney-client privilege, work-product doctrine, or any other applicable privileges or protections.

Furthermore, in the event that a Party inadvertently produces documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privileges or protections, and if the Party subsequently notifies the receiving Party or Parties that the privileged documents or information should not have been produced, the Parties shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).  In addition, with regard to privileged and/or otherwise protected documents, Federal Rule of Evidence 502 is hereby expressly incorporated into this Agreement.

Nothing in this Agreement shall be deemed to constitute a waiver of any Party's right to contest a claim that any document or information is privileged or protected from disclosure.

Nothing in this Agreement shall prevent the FDIC from using any Confidential Material that it produces to Progressive or the Insureds in any of its capacities for any lawful purposes.  Nothing in this Agreement shall prevent Progressive or the Insureds from using any Confidential Material that they produce for any lawful purpose.


13.   ***Filing Confidential Material.***   The Parties shall take necessary steps to protect Confidential Material from public disclosure and shall file under seal in compliance with Rule 141 of the Eastern District of California Local Rules any Confidential Material or any affidavits, briefs, motions, or other papers that disclose Confidential Material.

All trials and hearings are open to the public.  Absent Order of the Court, there will be no restrictions on the use of any documents or testimony that may be introduced or elicited by any Party during any trial or hearing in the captioned action.  However, if a Party intends to present Confidential Material at any hearing, such party shall provide advance notice to all Parties at least seven (7) days prior to the hearing.  Notice procedures for use of the Confidential Material at trial shall be addressed in conjunction with the pretrial conference.


14.   ***Entire Agreement, Modification, Waiver.***   This Agreement sets forth the entire Agreement among the Parties regarding the subject matter hereof and any prior oral or written statements concerning same are merged herein for all purposes and shall be of no force and effect.  A modification or waiver of any of the terms of this Agreement must be in writing and signed by all Parties.  The captions heading the paragraphs of this

Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the provisions hereon.

15. ***Binding Effect, Assignment, Severability.*** This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns on the date the last Party executes this Agreement. No Party may assign any right or delegate any duty under this Agreement without the prior written consent of all other Parties. In the event that any provision of this Agreement is deemed unlawful or unenforceable, such provision shall be stricken from the Agreement to the extent of such illegality or unenforceability, and the Agreement shall remain in full force and effect.

16.

17. ***Notice.*** All notices required to be given under this Agreement shall be in writing and delivered to the addresses set forth below. Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and shall be considered delivered upon receipt.

If to Progressive: Thompson, Loss & Judge, LLP

Two Lafayette Centre

1133 21st St., NW, Suite 450

Washington, DC 20036

Attn: Lewis K. Loss


If to the FDIC-R: Professional Liability Unit

Federal Deposit Insurance Corporation

3501 Fairfax Drive, VS-B-7016

Arlington, VA 22226-3500

Attn: Howard B. Klein

MURPHY, PEARSON, BRADLEY
& FEENEY, P.C.
88 Kearney Street, 10th Fl.
San Francisco, CA  94108
Attn: Aaron K. McClellan

Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006
Attn: Catherine Serafin

If to the Insureds:   HAKEEM, ELLIS & MARENGO
3414 Brookside Road, Suite 100
Stockton, CA  95219
Attn: Albert M. Ellis

TISDALE & NICHOLSON, LLP
2029 Century Park East, Suite 900
Los Angeles, CA  90067
Attn: Kevin D. Hughes
LAW OFFICE OF KENNETH N. MELEYCO
2155 West March Lane, Suite 1-C
Stockton, CA  95207
Attn: Kenneth N. Meleyco

MICHAEL F. BABITZKE, INC.

Confidentiality Agreement and Stipulated Protective Order                    CASE NO. 2:12-cv-00713-MCE-CKD

6 South El Dorado St., Ste. 305

Stockton, CA  95202

Attn: Michael F. Babitzke

18.  ***Governing Law.***  This Agreement shall be governed by federal law, and to the extent that state law would apply under applicable federal law, the laws of the State of California would govern.  The Parties consent to venue and personal jurisdiction in the United States District Court for the Eastern District of California should any dispute relating to this Agreement arise.

19.  ***Power of Execution of Agreement.***  Each of the signatories to this Agreement severally represents and warrants that he, she, or it, in the capacities recited herein, has the full power and authority to execute, deliver, and perform this Agreement.

20.  ***Execution, Facsimile Signatures, Counterparts.***  This Agreement may be executed as facsimile, scanned and emailed originals, or by electronic signature indicator, and each copy of this Agreement bearing the facsimile transmitted signature, scanned and emailed signature, or electronic signature indicator of a Party's authorized representative shall be deemed an original.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

///

///

///

///

///

1

2   Respectfully submitted,

3

4   Dated:   March 1, 2013          DIEPENBROCK ELKIN LLP

5
                                   By:  /s/  Eileen M. Diepenbrock (as authorized on 2/28/13)
6                                       Eileen M. Diepenbrock

7
                                   THOMPSON, LOSS & JUDGE, LLP
8

9                                  By:  /s/  Lewis K. Loss (as authorized on 2/28/13)
                                        Lewis K. Loss
10                                      Jeffrey W. Ward
                                        Charles W. Chotvacs
11

12                                      Attorneys for Plaintiff
13                                      Progressive Casualty Insurance Company

14

15  Dated:   March 1, 2013          MURPHY, PEARSON, BRADLEY
                                     & FEENEY, P.C.
16

17                                 By:  /s/  Aaron K. McClellan
                                        Aaron K. McClellan
18                                      Thomas P. Mazzucco
                                        Harlan B. Watkins
19

20

21                                      DICKSTEIN SHAPIRO LLP

22                                 By:  /s/  Andrew M. Reidy (as authorized on 2/28/13)
                                        Andrew M. Reidy
23                                      Catherine J. Serafin
                                        Jeffrey L. Schulman
24

25

26                                      Attorneys for Defendant
                                        Federal Deposit Insurance Corporation,
27                                      as Receiver for Pacific State Bank

28

- 18 -

1  Dated:   March 1, 2013                    TISDALE & NICHOLSON, LLP

2                                            By: */s/  Kevin D. Hughes (as authorized on 2/28/13)*

3                                                 Kevin D. Hughes

4                                                 Linda J. Kim

5                                            Attorneys for Defendants Michael Dalton, Maxwell

6                                            Freeman, Harold Hand, Patricia Hatton, Steven
                                             Kikuchi, Yoshikazu Mataga, Russell Munson,

7                                            Linda Ogata, George Schofield, and Rick Simas

8

9  Dated:   March 1, 2013                    LAW OFFICE OF KENNETH N. MELEYCO

10                                           By: */s/  Kenneth N. Meleyco (as authorized on 2/28/13)*

11                                                Kenneth N. Meleyco

12

13                                           LAW OFFICE OF STEVEN A. CLAIR

14                                           By: */s/  Steven A. Clair (as authorized on 2/28/13)*

15                                                Steven A. Clair

16                                           Attorneys for Defendants Justin Garner,

17                                           Gary Stewart, and Laura Maffei

18 Dated:   March 1, 2013                    HAKEEM, ELLIS & MARENGO

19                                           By: */s/  Albert M. Ellis (as authorized on 2/28/13)*

20                                                Albert M. Ellis

21                                                Adam A. Ramirez

22                                           Attorneys for Defendant Steve Rosso

23

24 Dated:   March 1, 2013                    MICHAEL F. BABITZKE, INC.

25                                           By: */s/  Michael F. Babitzke (as authorized on 2/28/13)*

26                                                Michael F. Babitzke

27                                           Attorneys for Defendant Kathleen Verner

28

**ORDER**

In accordance with the foregoing Stipulation, that the Parties and their respective counsel shall be governed by the terms and conditions of the above Confidentiality Agreement and Stipulated Protective Order concerning Confidential Material with respect to the above captioned action.


IT IS SO ORDERED.

Date:  March 12, 2013


_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

1
2

## __IDENTIFICATION OF COUNSEL__

3
4

***Counsel for Plaintiff Progressive Casualty Insurance Company***

***Counsel for Defendant Federal Deposit Insurance Corporation, as Receiver for Pacific State Bank***

5
6

Eileen M. Diepenbrock (SBN 119254)
DIEPENBROCK ELKIN LLP
500 Capitol Mall, Suite 2200
Sacramento, CA 95814

7
8
9

Tel: (916) 492-5000 / Fax: (916) 446-2640

10
11

Email: emd@diepenbrock.com

12
13
14
15
16

Lewis K. Loss (*pro hac vice*)
Jeffrey J. Ward (*pro hac vice*)
Charles W. Chotvacs (*pro hac vice*)
THOMPSON, LOSS & JUDGE, LLP
Two Lafayette Center
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036

17
18

Tel: (202) 778-4060 / Fax: (202) 778-4099

19
20

Email:   lloss@tljlaw.com
            jward@tljlaw.com
            cchotvacs@tljlaw.com

21
22

Aaron K. McClellan (SBN 197185)
Thomas P. Mazzucco (SBN 139758)
Harlan B. Watkins (SBN 176458)
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
88 Kearney Street, 10th Fl.
San Francisco, CA  94108

Tel: (415) 788-1900 / Fax: (415) 393-8087

Email:   amcclellan@mpbf.com
            tmazzucco@mpbf.com
            hwatkins@mpbf.com

Andrew M. Reidy (*pro hac vice*)
Catherine J. Serafin (*pro hac vice*)
Jeffrey L. Schulman (*pro hac vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C.  20006

Tel: (202) 420-2200 / Fax: (202) 420-2201

Email: reidya@dicksteinshapiro.com
            sefafinc@dicksteinshapiro.com
            schulmanj@dicksteinshapiro.com

23
24
25
26
27

///

28

Confidentiality Agreement and Stipulated Protective Order                    CASE NO. 2:12-cv-00713-MCE-CKD

///

**Counsel for Defendants Michael Dalton,**
**Maxwell Freeman, Harold Hand, Patricia Hatton, Steven Kikuchi, Yoshikazu Mataga, Russell Munson, Linda Ogata, George Schofield, & Rick Simas**

Kevin D. Hughes (SBN 188749)
Linda J. Kim (SBN 181122)
TISDALE & NICHOLSON, LLP
2029 Century Park East, Suite 900
Los Angeles, CA  90067

Tel: (310) 286-1260 / Fax: (310) 286-2351

Email:   KHughes@T-NLaw.com
         LKim@T-NLaw.com

**Counsel for Defendant Steve Rosso**

Albert M. Ellis (SBN 79996)
Adam M. Ramirez (SBN 251064)
HAKEEM, ELLIS & MARENGO
3414 Brookside Road, Suite 100
Stockton, CA  95219

Tel: (209) 474-2800 / Fax: (209) 474-3654

Email:   aellis@hemlaw.com
         aramirez@hamlaw.com

**Counsel for Defendants Justin Garner, Gary Stewart, & Laura Maffei**

Kenneth N. Meleyco (SBN 57785)
LAW OFFICE OF KENNETH N. MELEYCO
2155 West March Lane, Suite 1-C
Stockton, CA  95207
Tel: (209) 476-0851 / Fax: (209) 476-9429
Email: kmeleyco@sbcglobal.net

Steven A. Clair (SBN 111450)
LAW OFFICE OF STEVEN A. CLAIR
2155 West March Lane, Suite 1-C
Stockton, CA  95207

Tel: (209) 476-0851 / Fax: (209) 476-9429

E-mail: steve@clairlaw.com

**Counsel for Defendant Kathleen Verner**

Michael F. Babitzke (SBN 50048)
MICHAEL F. BABITZKE, INC.
6 South El Dorado St., Ste. 305
Stockton, CA  95202

Tel: (209) 465-5722 / Fax: (209) 465-0714

E-mail: mbabitzke@sbcglobal.net

- 22 -

## ATTACHMENT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I hereby acknowledge that I have been provided and have read a copy of that certain Confidentiality Agreement and Stipulated Protective Order (the "Agreement") entered by the Court on March __, 2013, in the action captioned *Progressive Casualty Insurance Corporation v. Dalton, et al.*, No. 2:12-cv-00713-MCE-CKD (E.D. Cal.), a copy of which is annexed hereto.  I understand that any Confidential Material within the meaning of the Agreement shown to me is confidential, shall be used by me only as provided in the Agreement, and shall not be disclosed by me unless expressly permitted under the Agreement.  I agree to abide by the terms of the Agreement, including its provisions concerning the return or destruction of such Confidential Material.  I acknowledge that I may be subject to claims for monetary damages and/or injunctive relief for unauthorized disclosure or use of Confidential Material or if I violate any obligation of this Agreement.

Signature: _____   Date: _____

Name (Printed): _____

Company: _____

Address 1: _____   Phone (Home): _____

Address 2: _____   Phone (Work): _____

City: _____   Phone (Cell): _____

State/Zip Code: _____

Confidentiality Agreement and Stipulated Protective Order          CASE NO. 2:12-cv-00713-MCE-CKD