Eileen M. Diepenbrock (SBN 119254)
David A. Diepenbrock (SBN 215679)
DIEPENBROCK ELKIN LLP
500 Capitol Mall, Suite 2200
Sacramento, CA 95814
Telephone:  (916) 492-5000
Facsimile:  (916) 446-2640
Email:  emd@diepenbrock.com
        dad@diepenbrock.com

Lewis K. Loss (*pro hac vice*)
Jeffrey J. Ward (*pro hac vice*)
Charles W. Chotvacs (*pro hac vice*)
LOSS, JUDGE & WARD, LLP
Two Lafayette Center
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
Telephone: (202) 778-4060
Facsimile: (202) 778-4099
Email:   lloss@ljwllp.com
         jward@ljwllp.com
         cchotvacs@ljwllp.com

Attorneys for Progressive Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL L. DALTON, HAROLD HAND, KATHLEEN M. VERNER, PATRICIA A. HATTON, MAXWELL M. FREEMAN, YOSHIKAZU MATAGA, GEORGE M. SCHOFIELD, RICK SIMAS, GARY A. STEWART, RUSSELL MUNSON, STEVEN KIKUCHI, STEVE ROSSO, JUSTIN GARNER, LAURA MAFFEI, LINDA OGATO and the FEDERAL DEPOSIT INSURANCE CORPORTION AS RECEIVER FOR PACIFIC STATE BANK,<br><br>      Defendants. | Case No. 2012-cv-00713-TLN-CKD<br><br>Hon. Troy L. Nunley<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO STEVE ROSSO'S COUNTERCLAIM |

Progressive Casualty Insurance Company ("Progressive") hereby answers the Counterclaim of Defendant Steve Rosso (Dkt. No. 59) and asserts its affirmative defenses thereto.

67. The allegations in paragraph 67 are descriptive of the Counterclaim and do not require a response. To the extent a response is required, Progressive denies the allegations in paragraph 67 of the Counterclaim.

68. Progressive admits that it issued Directors & Officers / Company Liability Insurance Policy No. 0003283-11 (the "Policy") to Pacific State Bank (the "Bank") and other Named Insureds for the claims-made Policy Period from October 22, 2008 to October 22, 2009, and the Discovery Period from October 22, 2009 to October 22, 2010. The Policy speaks for itself, and Progressive denies the allegations in paragraph 68 of the Counterclaim insofar as they are inconsistent with the Policy. Except as expressly admitted herein, Progressive denies the allegations in this paragraph.

69. Progressive admits that, during the Policy's Discovery Period, the Federal Deposit Insurance Corporation (the "FDIC"), as Receiver for the Bank, sent a letter, dated October 14, 2010 (the "Receiver's Demand"), to Mr. Rosso and other former directors and officers of the Bank. The Receiver's Demand speaks for itself, and Progressive denies the allegations in paragraph 69 of the Counterclaim insofar as they are inconsistent with the Receiver's Demand. Progressive admits, on information and belief, that Mr. Rosso denies the allegations contained in the Receiver's Demand. Progressive does not assert that the FDIC's allegations against Mr. Rosso have merit. Except as expressly admitted herein, Progressive denies the allegations in this paragraph.

70. Progressive denies the allegations in paragraph 70 of the Counterclaim.

71. Progressive denies the allegations in paragraph 71 of the Counterclaim.

72. Progressive admits that an actual controversy has arisen regarding the coverage afforded by the Policy for the Receiver's Demand. Progressive's coverage position is set forth in its Complaint, Docket No. 1, which speaks for itself. To the extent the allegations in paragraph 72 of the Counterclaim are inconsistent with the Complaint, the allegations are denied.

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

73. Progressive denies the allegations in paragraph 73 of the Counterclaim.

74. Progressive denies the allegations in paragraph 74 of the Counterclaim.

75. Progressive denies that Mr. Rosso is entitled to the declaration he seeks in paragraph 75 of the Counterclaim.

76. All allegations of the Counterclaim not expressly admitted herein above are denied.

77. Progressive denies that Mr. Rosso is entitled to any relief whatsoever, including, without limitation, the relief specified in paragraphs 1 through 7 of his Prayer for Relief.

## AFFIRMATIVE DEFENSES

Progressive alleges that Mr. Rosso is not entitled to judgment based upon the following affirmative defenses, without taking on the burden of proof as to any such matter that would otherwise rest with Mr. Rosso:

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Counterclaim is barred by the terms, conditions, limitations, and exclusions of the Policy.

### Third Affirmative Defense

There is no coverage under the Policy for the Receiver's Demand based on the Policy's Insured v. Insured Exclusion (Policy, § V.J.).

### Fourth Affirmative Defense

There is no coverage under the Policy for the loan losses alleged in the Receiver's Demand based on the Policy's Loan Loss Carve-Out (Policy, § IV.N.(3)).

### Fifth Affirmative Defense

There is no coverage under the Policy for the investment losses alleged in the Receiver's Demand based on the Policy's Investment Loss Carve-Out (Policy, § IV.N.(6)).

### Sixth Affirmative Defense

Mr. Rosso's Counterclaim is barred or limited by the doctrines of waiver, estoppel and/or unclean hands.

### Seventh Affirmative Defense

At all times relevant hereto, Progressive has complied with its contractual obligations as set forth in the Policy.

### Eighth Affirmative Defense

The affirmative defenses set forth herein reflect Progressive's preliminary assessment based on the allegations in the Counterclaim. Progressive expressly reserves, and does not waive, any and all defenses under the Policy and applicable law.

\*   \*   \*

WHEREFORE, having answered the Counterclaim and asserted its affirmative defenses thereto, Progressive respectfully requests that this Court enter judgment in Progressive's favor, dismiss the Counterclaim with prejudice, and grant such other and further relief as this Court may deem appropriate.

Respectfully submitted this 23rd day of April, 2013.

DIEPENBROCK ELKIN LLP

By: /s/ Eileen M. Diepenbrock
Eileen M. Diepenbrock

LOSS, JUDGE & WARD, LLP

By: /s/ Charles W. Chotvacs
Lewis K. Loss
Jeffrey W. Ward
Charles W. Chotvacs

Attorneys for Progressive Casualty
Insurance Company

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2013, the foregoing Answer and Affirmative Defenses to Steve Rosso's Counterclaim was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which shall send notice of electronic filing to all counsel of record.

        /s/ Charles W. Chotvacs
        Charles W. Chotvacs